**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

---

Shunji Han, individually and on behalf of all other employees similarly situated,

                Plaintiff,

- against -

New Hill Top Nails, Inc., Hyun Shul Chang a/k/a Tom, and Myung Sook Chang a/k/a Lee

                Defendants.

Index No.

**COLLECTIVE & CLASS ACTION COMPLAINT**

---

Plaintiff Shunji Han ("Plaintiff"), by and through her undersigned attorneys, Hang & Associates, PLLC, as and for her Complaint against Defendants New Hill Top Nails, Inc., Hyun Shul Chang a/k/a Tom, and Myung Sook Chang a/k/a Lee (collectively, "Defendants"), respectfully alleges and shows as follow:

**NATURE OF THE ACTION**

1.    Plaintiff alleges, on behalf of herself and all other similarly situated current and former employees of the Defendants who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), that they are entitled to: (i) unpaid minimum wage and unpaid wages for overtime work for which they did not receive overtime premium pay, as required by law, and (ii) liquidated damages, declaratory relief, costs, interest and attorneys' fees pursuant to the FLSA, 29 U.S.C. §20l et seq.

2.    Plaintiff further complains on behalf of herself and a class of all other similarly situated current and former employees of the Defendants, pursuant to Fed.R.Civ.P. 23, that they are entitled to: (i) unpaid minimum wage and unpaid wages for overtime work for which they did not receive overtime premium pay, as required by law, and (ii) liquidated damages, costs, interest

and attorneys' fees pursuant to the Connecticut Minimum Wage Act ('CMWA"), conn. Gen. Stat. § 3 1-68(a), 3 1-72.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 29 U.S.C. § 201 et seq. and 28 U.S.C. § 1331.

4. This Court has jurisdiction over the State Law claim pursuant to 28 USC § 1367 since it is so related to the FLSA claim that it forms part of the same case or controversy.

5. This Court has personal jurisdiction over Defendants because they are engaged in business within the State of Connecticut, and the events complained of occurred in Connecticut.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this district, and pursuant to 28 U.S.C. § 1391(c) because Defendants are subject to personal jurisdiction in the State of Connecticut.

## PLAINTIFF

7. Plaintiff is a resident of Queens County, New York.

8. Upon information and belief, from about July 2006 to July 31, 2020, Plaintiff was employed as a manicurist for Defendants at 235 Glenville Road, 1st FL, Greenwich, CT 06831.

## DEFENDANTS

9. Upon information and belief, Defendant New Hill Top Nails, Inc. ("New Hill Top Nails") is a domestic business organization organized under the laws of the State of Connecticut with a principle business address at 235 Glenville Road, 1st FL, Greenwich, CT 06831.

10. Upon information and belief, New Hill Top Nails had more than 20 employees from 2006 to about 2011 or 2012, and has about 13 employees since then and currently.

11. Upon information and belief, Defendant Hyun Shul Chang a/k/a Tom ("H. Chang") is the owner, officer, shareholder, and manager of New Hill Top Nails.

12. Upon information and belief, Defendant H. Chang participates in the day-to-day operations of New Hill Top Nails, and supervised Plaintiff's daily duties, acting intentionally and maliciously.

13. Upon information and belief, at all times relevant to the allegations herein, Defendant H. Chang had the power to hire and fire employees at New Hill Top Nails, establish their wages, set their work schedules, and maintain their employment records.

14. Upon information and belief, Defendant Myung Sook Chang a/k/a Lee ("M. Chang") is the owner, officer, shareholder, and manager of New Hill Top Nails.

15. Upon information and belief, Defendant M. Chang participates in the day-to-day operations of New Hill Top Nails, and supervised Plaintiff's daily duties, acting intentionally and maliciously.

16. Upon information and belief, at all times relevant to the allegations herein, Defendant M. Chang had the power to hire and fire employees at New Hill Top Nails, establish their wages, set their work schedules, and maintain their employment records.

17. Upon information and belief, Defendant M. Chang and Defendant H. Chang are wife and husband.

18. Upon information and belief, during the times relevant to this Complaint, Defendants have generated more than $500,000 in revenues in every year from 2006 to the present.

19. Defendants qualify for and are subject to both traditional and enterprise coverage under the FLSA for all the relevant time periods contained in this Complaint. Said differently, Defendants are subject to the Fair Labor Standards Act.

20. At all relevant times Defendants have been and continue to be an employer engaged in interstate commerce, within the meaning of FLSA 29 U.S.C. §§ 206(a) and 207(a).

21. Defendants employed the Plaintiff as an employee within the meaning of FLSA § 203.

## COLLECTIVE ACTION ALLEGATIONS

22. Pursuant to 29 U.S.C. §207, Plaintiff seeks to prosecute her FLSA claims as a collective action on behalf of all persons who are or were formerly employed by Defendants since September 2017 to the entry of judgment in this case (the "Collective Action Period"), who were non-exempt employees within the meaning of the FLSA and who were not paid wages for overtime compensation at rates not less than one and one-half times their regular rate of pay for hours worked in excess of forty hours per workweek (the "Collective Action Members").

23. This collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are at least ten (10) members of the collective action during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys or knowledge of their claim.

24. Plaintiff will fairly and adequately protect the interests of the Collective Action Members and has retained counsel that is experienced and competent in the fields of employment

law and class action litigation. Plaintiff has no interests that are contrary to or in conflict with those members of this collective action.

25. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

26. Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiff and other Collective Action Members are:

   a. whether the Defendants employed the Collective Action members within the meaning of the FLSA;

   b. whether the Defendants failed to keep true and accurate time records for all hours worked by Plaintiff and the Collective Action Members;

   c. what proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

   d. whether Defendants failed to pay the Collective Action Members wages for all hours worked as well as overtime compensation for hours worked in excess of forty hours per workweek, in violation of the FLSA and the regulations promulgated thereunder;

  e. whether Defendants' violations of the FLSA are willful as that term is used within the context of the FLSA;

  f. whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive and statutory damages, interest, costs and disbursements and attorneys' fees; and g. whether Defendants should be enjoined from such violations of the FLSA in the future.

## CLASS ALLEGATIONS

27. Plaintiff sues on her own behalf and on behalf of a class of persons under Rules 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

28. Plaintiff brings this Connecticut Labor Law claims on behalf of all persons who are or were formerly employed by Defendants since September 2017 to the entry of judgment in this case (the "Class Period") who were non-exempt employees within the meaning of the Connecticut Labor Law and have not been paid wages and overtime wages in violation of the Conn. Gen. Stat. § 3 1-68(a), 3 1-72 (the "Class Members").

29. The persons in the Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are in excess of ten (10) members of the Class during the Class Period.

30. The claims of Plaintiffs are typical of the claims of the Class, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy--particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants.

31. The Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

32. Plaintiff has committed herself to pursuing this action and they have retained competent counsel experienced in employment law and class action litigation.

33. Plaintiff has the same interests in this matter as all other members of the class and Plaintiff's claims are typical of the Class.

34. There are questions of law and fact common to the Class which predominate over any questions solely affecting the individual members of the Class, including but not limited to:

   a. whether the Defendants employed the Class Members within the meaning of the Connecticut Labor Law;

   b. whether the Defendants failed to keep true and accurate time records for all hours worked by Plaintiff and the members of the Class;

   c. what proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

   d. whether Defendants failed to pay the Class wages for all hours worked as well as overtime compensation for hours worked in excess of forty hours per workweek, in violation of Conn. Gen. Stat. § § 31-68(a), 3 1-72;

   e. whether Defendants' violations of Conn. Gen. Stat. §sS 31-68(a), 31-72 are willful;

   f. whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive and statutory damages, interest, costs and disbursements and attorneys' fees;

g. whether Defendants should be enjoined from such violations of Conn. Gen. Stat. § § 31-68(a), 31-72 in the future; and

h. whether Defendants failed to advise employees in writing, at the time of hiring, of the rate of remuneration, hours of employment and wage payment schedules as required by Conn. Gen. Stat. § 31-71f.

## STATEMENT OF FACTS

35. Plaintiff worked as a manicurist at New Hill Top Nails from about July 2006 to July 31, 2020.

36. Defendant M. Chang hired Plaintiff and told Plaintiff that her wage compensation was $100 per day, regardless of hour many hours she worked that day.

### *July 2006 – March 15, 2020*

37. From July 2006 to March 15, 2020, Plaintiff worked for five days per week with Tuesday and Wednesday off, except for the busy season each year from May to September. During the busy season each year from 2006 to 2019, Plaintiff worked for six days per week with Tuesday off.

38. On each day that Plaintiff worked from July 2006 to March 15, 2020, Plaintiff started to work at New Hill Top Nails at around 9:15 a.m. and worked until around 7:00 p.m. or 7:10 p.m.

39. On each day that Plaintiff worked during this time period, Plaintiff took the commuting shuttle bus, which was provided by Defendants, to and back from work between Flushing, New York and Connecticut.

40. During this time period, Plaintiff worked approximately 49.5 hours in total per week, and approximately 59.4 hours in total per week during the busy seasons for Defendants.

***June 22, 2020 – July 31, 2020***

41. New Hill Top Nails was closed from on or about March 16, 2020 due to the COVID-19 pandemic.

42. Upon information and belief, when New Hill Top Nails reopened, Plaintiff worked for Defendants from around 9:15 a.m. to around 7:00 p.m. on the following days: the 22nd, the 23rd, the 25th, the 26th, the 28th, and the 29th in June 2020, and the 1st, the 2nd, the 3rd, the 8th, the 10th, the 11th, the 16th, the 17th, the 24th, and the 31st in July 2020.

43. Upon information and belief, during all employment period, on each day that Plaintiff worked, she was not provided with any uninterrupted lunch break by Defendants.

44. Upon information and belief, from July 2006 to about the end of 2014, Plaintiff was paid once a week in cash with a fixed rate of $100 per day, regardless of the number of hours worked.

45. Upon information and belief, from about the end of 2014 to about January 2020, in regular season, Plaintiff was paid once a week with a fixed rate of $700 per week with cash, regardless of the number of hours worked; in busy season, Plaintiff was paid once a week with a fixed rate of $800 per week with cash.

46. Upon information and belief, at the end of 2019, Plaintiff made complaints to Defendant M. Chang and requested a raise, and Defendant M. Chang agreed upon a $5 raise on Plaintiff's daily payment, regardless of the how many of hours she worked.

47. Upon information and belief, from about January 2020 to the end of her employment, in regular season, Plaintiff was paid once a week with a fixed rate of $725 per week with cash, regardless of the number of hours worked; in busy season, Plaintiff was paid once a week with a fixed rate of $830 per week with cash.

48. Upon information and belief, since Plaintiff made the complaint, Defendant M. Chang had always made harsh comments or criticize Plaintiff.

49. Upon information and belief, when New Hill Top Nails reopened after the COVID-19 lockdown, Defendants required all the employees except Plaintiff to work for five days per week as usual, unless any employee asked and got approved by Defendants to work less than five days per week. At the same time, Defendants reduced Plaintiff's working time to two days per week or less.

50. Upon information and belief, after Plaintiff made the complaints, when Plaintiff complained and requested to work five days as other employees do, Defendant M. Chang refused without giving any reason.

51. Upon information and belief, the employees at New Hill Top Nails take turns to provide manicure services to customers and earn the tips by cash from customers.

52. Upon information and belief, Defendants knowingly and willfully reduced Plaintiff's working hours because Plaintiff made complaints and asked for a raise at the end of 2019, and by doing so, Defendants knowingly and willfully reduced Plaintiff's earnings.

53. Upon information and belief, Defendants have maintained good business before and after the COVID-19 pandemic lockdown, and each employee working there usually provided or provides manicure services to about seven to eight customers per day, no matter before or after the lockdown.

54. Upon information and belief, in about January or February 2020, Defendant H. Chang asked all the employees to fabricate some working schedule sheets for about three to four weeks. On the working schedule sheets, Defendants directed Plaintiff to write down that she only

worked for three days per week on Saturday, Sunday and Monday or Thursday, without any explanation from Defendants about the documents.

55. During all relevant time to the instant matter, Defendants failed to adopt any means (timecards, sign-in and out sheet etc.) to accurately record the amount of hours its employees worked.

56. Defendants willfully failed to post a notice explaining the Fair Labor Standards Act in a conspicuous place in the workplace, as prescribed by the Wage and Hour Division of the U.S. Department of Labor and required by 29 C.F.R. § 516.4.

57. Defendants, in contravention of Conn. Gen. Stat. § 31-71f, willfully failed to post a notice in a place accessible to employees with employment practices and policies with regard to wages, vacation pay, sick leave, health and welfare benefits and comparable matters. Defendants also failed otherwise to make such information available to employees in writing.

58. Defendants also willfully violated the provisions of Conn. Gen. Stat. § 31-71f by failing to advise employees in writing, at the time of hiring, of the rate of remuneration, hours of employment and wage payment schedules.

59. Plaintiff's work was performed in the normal course of the Defendants' business and was integrated into the business of Defendants.

60. The work performed by Plaintiff required little skill and no capital investment.

61. Plaintiff did not supervise other employees, did not have hiring and firing authority and her job duties did not include managerial responsibilities or the exercise of independent business judgment.

## STATEMENT OF CLAIMS

### COUNT I
### [Violation of Fair Labor Standards Act—Overtime Compensation]

62. Plaintiff on behalf of herself and all other similarly situated Collective Action Members and members of the Class repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

63. The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he or she is employed, or one and one-half times the minimum wage, whichever is greater. 29 USC §207(a).

64. The FLSA provides that any employer who violates the provisions of 29 U.S.C. §207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 U.S.C. §216(b).

65. Defendants' failure to pay Plaintiff and the FLSA Collective their overtime premiums violated the FLSA.

66. At all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiffs and Collective Action Members for all hours worked in excess of forty (40) hours per workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§201, et seq., including 29 U.S.C. §§207(a)(1) and 215(a).

67. The FLSA and supporting regulations required employers to notify employees of employment law requires employers to notify employment law requirements. 29 C.F.R. §516.4.

68. Defendants willfully failed to notify Plaintiff and FLSA Collective of the requirements of the employment laws in order to facilitate their exploitation of Plaintiffs' and FLSA Collectives' labor.

69. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and Collective Class Members the statutory overtime rate of time and one half for all hours worked in excess of forty (40) per week when they knew or should have known such was due and that failing to do so would financially injure Plaintiffs and Collective Action members.

## COUNT II
### [Violation of Connecticut Wage and Hour Law— Minimum and Overtime Wage Compensation]

70. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

71. Defendants willfully violated Plaintiff's rights by failing to pay her the state statutory minimum wage as well as overtime compensation through her employment at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of Conn. Gen. Stat. §§31-60, 31-76C.

72. Defendants willfully failed to distribute records of hours worked, earnings and overtime to the workers, in violation of Conn. Gen. Stat. § 31-13a.

73. Defendants willfully failed to keep records of hours worked by the manicure workers, in violation of Conn. Gen. Stat. § 31-66.

74. Defendants willfully failed to appropriately post a notice with employment practices and policies with regard to wages, vacation pay, sick leave, health and welfare benefits and comparable matters, in violation of Conn. Gen. Stat. § 31-71f.

75. Defendants willfully failed to advise employees in writing, at the time of hiring, of the rate of remuneration, hours of employment and wage payment schedules, in violation of Conn. Gen. Stat. § 31-71f.

76. Defendants willfully failed to provide 30 consecutive minutes for a meal within a seven and one-half hour time period, in violation of Conn. Gen. Stat. § 31-51ii(a).

77. As a result of these violations, Plaintiff suffered damages.

78. Defendants are jointly and severally liable to Plaintiff for violations of her rights under state law.

79. Due to the Defendants' CMWA violations, Plaintiff is entitled to recover from Defendants twice amount of her unpaid minimum wages and unpaid overtime compensation, interests, damages for unreasonably delayed payment of wages, reasonable attorneys' fees and costs and disbursements of the action, pursuant to Conn. Gen. Stat. §§ 31-68(a), 31-76.

## COUNT III
### [Violation of Connecticut General Statutes–Retaliation]

80. Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

81. Defendants willfully and unlawfully retaliated against Plaintiff for her exercise of protected activities, namely, her opposing Defendants' discriminatory employment practice. In retaliating against Plaintiff, Defendants knowingly acted in deliberate disregard of her rights.

82. Defendants' conduct violated the Conn. Gen. Stat. § 46a-60(a)(4).

83. As a direct and proximate consequence of the Defendants' intentional, unlawful and discriminatory employment policies and practices, Plaintiff suffered damages including, but not limited to, wage compensation from the working hour reduced and earning from tips.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff on behalf of herself and all other similarly situated Collective Action Members and members of the Class, respectfully request that this Court grant the following relief:

a) Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. §216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. §216(b) and appointing Plaintiff and her counsel to represent the Collective Action members;

b) Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(b)(2) and (3) on behalf of the members of the Class and appointing Plaintiff and his counsel to represent the Class;

c) An order tolling the statute of limitations;

d) A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the CMWA;

e) An injunction against the Defendants and its officers, agents, successors, employees, representatives and any and all persons acting in concert with Defendants, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

f) An award of overtime compensation and minimum wages due under the FLSA and the

CMWA;

g) An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay for all hours worked as well as minimum wage and overtime compensation pursuant to 29 U.S.C § 216 and the CMWA;

h) An award of damages arising out of the non-payment of wages;

i) An award of prejudgment and post-judgment interest;

j) Award Plaintiff compensatory damages for Defendants' violations of Connecticut common law (including breach of contract, breach of the implied covenant of good faith and fair dealing, and breach of contract implied through quantum meruit), plus interest;

k) An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

l) Such other and further relief as this Court deems just and proper.

Dated: Flushing, New York

September 5, 2020

HANG & ASSOCIATES, PLLC.

*/s/ JIAN HANG*
Jian Hang, Esq. (ct29549)
136-20 38th Ave., Suite 10G
Flushing, New York 11354
Tel: 718.353.8588
jhang@hanglaw.com
Attorneys for Plaintiff

# EXHIBIT 1

**CONSENT TO SUE UNDER**
**FEDERAL FAIR LABOR STANDARDS ACT**

I am an employee currently or formerly employed by NEW HILL TOP NAILS, INC., and/or related entities and individuals. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Contingent Fee Retainer signed by the named plaintiff in this case.

SHUN JI HAN
Full Legal Name (Print)

*Shun Ji Han*
Signature

7/30/2020
Date